**Dewey WILLIE, Plaintiff—Appellant,**

v.

**State of NEVADA, ex rel; State of NEVADA DEPARTMENT OF PUBLIC SAFETY; Richard Kirkland, Defendants—Appellees.**

**No. 05–15903.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007.[*]

Filed May 17, 2007.

---

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Stephen D. Quinn, Esq., Office of Attorney General, Glade Myler, Esq., Motor Vehicle & Public Safety Department, Louis F. Holland, Esq., Transportation Division, Carson City, NV, for Defendant–Appellee.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Appellant Dewey Willie, a former mechanic employed by the Nevada Highway Patrol filed a complaint alleging that Appellee State of Nevada ("Employer") violated Title VII of the Civil Rights Act by discriminating against him on the basis of his national origin and by retaliating

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

against him for his involvement in his fiancee's discrimination claim. Willie also seeks relief under 42 U.S.C. § 1983, alleging that he made negative comments about Appellee Richard Kirkland and that Kirkland retaliated against him in violation of the First Amendment. The district court granted summary judgment in favor of Appellees on each of Willie's claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Title VII

Assuming without deciding that Willie established a prima facie case for his discrimination and retaliation claims under Title VII, these claims still fail because he is unable to show that Employer's legitimate, nondiscriminatory reasons for his termination are pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Employer's legitimate nondiscriminatory reasons for Willie's dismissal include insubordination, use of profanity, falsification of time sheets, improperly charging tires to the state, attempting to cover up the tire charges, and breaching confidentiality with a witness in Employer's investigation of his actions. These incidents are documented in the record and cited by the Hearing Officer as reasons for Willie's termination.

■ Willie raises two arguments that Employer's proffered explanations were not the true reasons for his termination. Neither of these arguments is persuasive. First, Willie asserts that a genuine issue of material fact exists as to whether his supervisor directed him to order tires for another employee's personal vehicle. The

relevance of this argument to the pretext issue is unclear; even if Willie's version of the facts is accepted as true, whether a superior asked him to improperly charge the state for these tires does not absolve him of violations of the Employer's rules of conduct. Willie's second argument is that he could not have been legitimately fired for falsifying invoices because the Employer has a "three-lie rule"—a general practice of terminating employees only after three dishonest statements. The undisputed facts indicate that Willie lied about the invoices more than three times. The record of the interview on the evening of October 3, 2002 contains multiple lies about the falsified invoices, ending with Willie's assertion that he was "being truthful" with the investigators. Willie also does not contest the Hearing Officer's findings of ten separate dishonest statements during the October 4, 2002 interview.

Because Willie has not raised a genuine issue of material fact that Employer's proffered legitimate nondiscriminatory reasons were pretextual, the district court properly granted summary judgment in favor of Employer on Willie's discrimination and retaliation claims.

## II. Section 1983

■ Willie fails to state a prima facie case for his claim under 42 U.S.C. § 1983 against Kirkland for retaliation in violation of the First Amendment because the record does not show that Willie's speech was a substantial or motivating factor for his termination. *See Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003). Willie provides no direct evidence that Kirkland retaliated against him for his statements and no evidence that Kirkland even knew of his protected speech. *See Keyser v. Sacramento Unified Sch. Dist.,* 265 F.3d 741, 751 (9th Cir.2001). Merely alleging that Kirkland directed "what should be done" and "what issues should

be looked into," and that Kirkland was present in a meeting where Willie's dismissal was discussed is insufficient to show that Kirkland knew about Willie's statements.

Even assuming that Kirkland was aware of Willie's statements, Willie also fails to provide circumstantial evidence that his statements against Kirkland were a substantial or motivating factor in his termination. *Id.* at 751–52 (describing circumstantial evidence of causation sufficient to survive summary judgment on a § 1983 claim for retaliation in violation of the First Amendment). Willie does not allege temporal proximity which could lead to an inference of causation in his § 1983 claim. Additionally, Willie has not provided evidence that Kirkland expressed opposition to his speech or evidence that the reasons for his termination were pretextual. The district court thus properly dismissed Willie's § 1983 claim.

The district court's order granting summary judgment in favor of Appellees is **AFFIRMED.**